RECEIVED
MAY 19 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| M. KATHLEEN MCKINNEY, Regional Director Director of the Fifteenth Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>VERSUS<br><br>CAREY SALT COMPANY, a Subsidiary of COMPASS MINERALS INT'L, INC. | CIVIL ACTION NO. 11-0287<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE HILL |

## MEMORANDUM RULING AND ORDER

Before the Court is the "Motion for Leave to File Newly Discovered Evidence with opposition" [Doc. 32] filed by M. Kathleen McKinney, Regional Director of the Fifteenth Region of the National Labor Relations Board ("NLRB"). In the instant motion, the NLRB seeks leave to file "newly discovered" evidence in connection with the "Amended Petition for Temporary Injunction Pursuant to Section 10(j) of the National Labor Relations Act" filed by the NLRB, which this Court has already denied. Although the delay for responding to the instant motion has not yet run, the motion is DENIED AS MOOT for the following reasons.

This Court notes the instant motion was filed on May 10, 2011, approximately 6 weeks after the NLRB filed a Motion for Leave to Reply to Carey Salt's Answer to the NLRB's original petition for injunctive relief [Doc. 28]. At the time the instant motion was filed, this Court had substantially completed its substantive ruling on the NLRB's petition for injunctive relief.[1] Indeed, as of this

---

[1] Although counsel for the NLRB did notify the Court the motion was being filed and did provide this Court with a courtesy copy of the motion, by the time the foregoing were received, this Court's ruling was in final draft form.

writing, and at the time this Court issued its ruling on the petition for injunctive relief, the time delay for responding to the instant motion has not yet run. Moreover, this Court attempted to contact counsel of record in this matter to determine whether the Court's ruling on the petition should be held in light of the instant motion, and was told counsel for the defendant – whose time to respond to the motion has not yet run – was out of the country. Consequently, there was no way for the Court to determine the basis for Carey Salt's objection prior to ruling on the petition for injunctive relief.

Additionally, this Court notes at a status conference conducted with this Court on March 16, 2011, this Court engaged in a lengthy discussion with all counsel concerning its general policy not to permit reply briefs. As this Court indicated, reply briefs are only permitted by leave of Court and only to the extent a party could not have anticipated arguments raised in a responsive brief. One of the reasons for this policy, as explained to counsel, was the need for finality in briefing, and to avoid situations such as this one, wherein the Court has substantially researched an issue, made its decision, and completed most of a ruling, only to have a party file – in an untimely manner – a brief arguing new positions or offering evidence not previously provided or argued.

After much discussion at the March 16, 2011 conference, this Court, however, permitted the NLRB to file a motion for leave to file a reply brief, but limited the scope to issues that might have been raised in Carey Salt's response *that the NLRB could not have anticipated.* This Court notes Carey Salt did not object to the NLRB filing a reply brief at that time. The reply brief was filed and was considered by the Court in the substantive ruling made.

In the instant motion, the NLRB now claims to have "new evidence" that has bearing on the underlying petition for injunctive relief and moves this Court to, in effect, have yet another reply brief. However, the NLRB waited to file the instant motion until this Court's ruling on the underlying petition was substantially complete, a situation this Court discussed with counsel and

sought to avoid.

As this Court's ruling on the underlying petition for injunctive relief has already been filed, and as the instant motion was untimely filed in light of the procedural history of this case, it is ORDERED that the "Motion for Leave to File Newly Discovered Evidence with opposition" [Doc. 32] is DENIED AS MOOT.[2]

THUS DONE AND SIGNED in Lafayette, Louisiana, this 19 day of May, 2011.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[2] Should the NLRB believe genuine "newly discovered evidence" exists which would change the Court's substantive ruling on the petition for injunctive relief, the Federal Rules of Civil Procedure contemplate such situations, and the NLRB is free to proceed as it deems appropriate within the Federal Rules of Civil Procedure.